O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DIRAFFAEL, | Case No. CV 13-07706 DDP (VBKx) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PROSECUTION** |
| v. | [Dkt. No. 11] |
| CALIFORNIA ARMY NATIONAL GUARD, DAVID S. BALDWIN, JOHN D. FORD, LAWRENCE A. HASKINS, DWIGHT D. STIRLING, | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss for Lack of Prosecution or, in the alternative, Motion for Summary Judgment. No opposition has been filed. Having considered Defendants' submission, the Court adopts the following order.

**I.   BACKGROUND**

Plaintiff was a member of the California Army National Guard ("CAARNG") for approximately 21 years. (Mot. Dismiss at 3.)  In August 2012, a selective retention board declined to retain Plaintiff in the CAARNG after reviewing his service record. (Id.) He was honorably discharged as of September 30, 2013. (Id.) On

1  August 13, 2013, Plaintiff file a "Petition for Peremptory Writ of
2  Mandate" in a California Superior Court in Los Angeles.  (Dkt. No.
3  1.)  On October 17, 2013, Defendant David Baldwin, as a federal
4  officer,[1] removed to federal court.  (Id.)  Since then, apart from
5  Defendants' Answer and some technical orders, there has been no
6  movement in the case.  Plaintiff has filed no papers in the case.
7      Defendants now move to dismiss based on lack of prosecution,
8  or in the alternative for summary judgment on the merits.

**II.  LEGAL STANDARD**

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  A plaintiff must prosecute her claim with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976). However, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay."  Id.  Additionally, courts should not dismiss under Rule 41(b) without considering other, less drastic measures.  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

Thus, when considering whether to dismiss an action under Rule 41(b), courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and

---

[1] Defendant Baldwin is a Major General in the United States Army National Guard, and is sued in that capacity.  (Dkt. No. 1.)

1  (5) the availability of less drastic sanctions." Henderson, 779
2  F.2d at 1423.
3  **III. DISCUSSION**
4      The Court considers in turn each of the factors named in
5  Henderson, supra.
6      Plaintiff has not filed any motions, or otherwise meaningfully
7  participated in this litigation, for over a year. The public's
8  interest in speedy resolution of cases and the court's docket
9  management are not favored by delays of such length.
10     While it does not appear that the Defendants have been overly
11 harmed by the delay, as Plaintiff was discharged before the case
12 was removed, delay is presumed to work at least some prejudice to a
13 defendant. Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967-68
14 (9th Cir. 1978).[2] This factor tilts in favor of dismissal, albeit
15 weakly.
16     On the other hand, the policy favoring resolution of cases on
17 the merits would tend to favor denying the motion to dismiss. But
18 this concern surely applies primarily to cases in which the
19 plaintiff still has some stake. If Plaintiff (as appears to be the
20 case here) has abandoned the litigation, the call of that policy is
21 diminished. In any event, dismissal without prejudice will allow
22 Plaintiff to resume the litigation later if some obstacle is
23 currently preventing his participation.
24     Finally, the Court has considered less drastic measures, such
25 as an order to show cause why the action should not be dismissed.

---

[2] But see Mir v. Fosburg, 706 F.2d 916, 919 n.2 (9th Cir. 1983) (rejecting the proposition that "delay alone, regardless of actual prejudice" justifies dismissal).

3

1  However, as Defendants have filed a properly noticed motion to
2  dismiss, the Court finds that Plaintiff is on notice as to the
3  possibility of dismissal.  An order to show cause would be
4  redundant at this point.
5       In short, the balance of factors favors dismissal for failure
6  to prosecute.
7  **IV.  CONCLUSION**
8       The Motion to Dismiss is GRANTED.  The action is dismissed
9  WITHOUT PREJUDICE.  The court does not consider arguments as to
10 summary judgment, and this dismissal does not act as an
11 adjudication on the merits.
12
13 IT IS SO ORDERED.
14
15
16 Dated: January 6, 2015
                                    DEAN D. PREGERSON
17                                  United States District Judge

4