**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT DIRAFFAEL,

Plaintiff,

v.

CALIFORNIA ARMY NATIONAL GUARD, DAVID S. BALDWIN, JOHN D. FORD, LAWRENCE A. HASKINS, DWIGHT D. STIRLING,

Defendants.

Case No. CV 13-07706 DDP (VBKx)

**ORDER VACATING ORDER AND REMANDING TO STATE COURT**

[Dkt. Nos. 16, 22]

[CLOSED]

Presently before the Court is Plaintiff's Motion to Alter or Amend the Judgment. Having considered the submissions of the parties,[1] the Court adopts the following order.

**I. BACKGROUND**

Plaintiff served in the Army National Guard ("ARG") or the California Army National Guard ("CAARNG") for approximately twenty-one years. (Petition at 1; Opp. to Pl.'s First Am. Mot. at 2.)

[1]On April 7, 2015, Plaintiff filed a late Reply to Defendants' Opposition to Plaintiff's First Amended Motion to Alter or Amend the Judgment.(Dkt. No. 19.) See L.R. 7-10. Despite its untimeliness, to the extent Plaintiff's Reply raised arguments or issues properly before the Court on this motion, the Court considers Plaintiff's Reply.

Officers of Plaintiff's rank are considered for selective retention by selective retention boards ("SRBs") after 20 years of service pursuant to National Guard Regulation ("NGR") 635-102. (Decl. Williamson, Defs.' Mot. to Dismiss, Dkt. No. 11.) In August 2012, a SRB declined to retain Plaintiff in the CAARNG after reviewing his service record. (Pet. at 1, 7-8; Opp. at 2.) On July 13, 2013, Plaintiff's Brigade Commander formally notified Plaintiff of his non-selection for retention. (Pet. at 7.) Plaintiff's Brigade Commander informed him that Defendant Haskins, acting on behalf of the Adjutant General, Defendant Baldwin, would separate Plaintiff from service on September 30, 2013. (Pet. at 3, 7; Opp. at 2.) Plaintiff was thereafter separated from service and honorably discharged, and his Federal recognition was withdrawn. (First Am. Mot. Ex. at 3; Opp. at 2.)

On August 13, 2013, Plaintiff filed a "Petition for Peremptory Writ of Mandate" in a California Superior Court in Los Angeles, seeking an order vacating the notice of his non-selection. (Dkt. No. 1.) On October 17, 2013, Defendant Baldwin removed the case to federal court under 28 U.S.C. § 1442a. (Dkt. No. 1.) Apart from Defendants' Answer and some technical orders, there was no movement in the case until Defendants' Motion to Dismiss, filed on December 4, 2014. (Dkt. No. 11.) Plaintiff did not oppose the motion, and the Court issued an Order Granting Motion to Dismiss for Lack of Prosecution ("Order") on January 6, 2015. (Dkt. No. 13.) The Court stated in the "Background" section of that order that "Defendant Baldwin is a Major General in the United States Army National Guard, and is sued in that capacity." (Id. at 2, n.1.)

Jurisdiction was not otherwise addressed in Defendants' motion or in the order.

On February 3, 2015, eighteen months after Plaintiff filed his initial petition, almost two months after Defendants filed their motion to dismiss, and twenty-eight days after the Court issued its Order dismissing the case, Plaintiff filed his original Motion to Alter or Amend Judgment.[2] Plaintiff subsequently filed a "First Amended Motion" on March 20, 2015. (Dkt. No. 16.)[3]

**II. LEGAL STANDARD**

A motion to alter or amend the judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. V. Baker, 554 U.S. 471, 485 n.5 (2008). Amendment or alteration [of judgment] is only appropriate under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (citing School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.

---

[2] Plaintiff's original Motion was received by the Court on February 3, 2015.

[3] In a previous, related, case, Plaintiff sought judicial relief against the Adjutant General. (DiRaffael v. California Military Dep't., No. CV 10-07240 ("10-7240").) Defendants there removed the case to this Court, and the Court dismissed the case for Plaintiff's failure to exhaust administrative remedies. The Ninth Circuit Court of Appeals recently affirmed this Court's denial in that case of Plaintiff's motions for relief under Fed. R. Civ. P. 59 and 60, and noted that the Adjutant General was a member of both the California National Guard and the National Guard of the United States. DiRaffael v. California Military Dep't, 593 F. App'x 679, 680 (9th Cir. 2015)

1993). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless [one of the above three criteria is met]." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

Additionally, a district court must remand to the state any case over which it does not have subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal jurisdiction, and any doubts about jurisdiction are resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**III. DISCUSSION**

As an initial matter, Plaintiff objects to the Court's Order dismissing the case for lack of prosecution "even though the non-removing party timely made the appropriate filings...." (First Am. Mot. at 2.) In fact, Plaintiff filed no papers and did not otherwise meaningfully participate in his case during the fifteen months between removal and dismissal. Although he asserts that Defendants improperly removed the case to this Court under 28 U.S.C. § 1442a, he filed no motion to remand. Although he asserts that the order dismissing his case was improper, he did not oppose the motion to dismiss. Instead, Plaintiff waited until after entry of the order granting dismissal to take action. Yet Plaintiff's Motion does not raise any argument that he could not have raised prior to the entry of the order. As Plaintiff himself acknowledges, "[m]any of the arguments made in this motion were

previously raised in the body of the removed Petition." (First Am. Mot. at 4.)

Plaintiff explains that he failed to prosecute his case because he believed that litigation before this Court was futile, as the Court had not, according to him, heard his arguments in his prior case. (First Am. Mot. at 20-25.) Such a belief does not excuse a failure to prosecute a case. Specifically as to his jurisdictional argument, Plaintiff argues that because the Court did not address his jurisdictional argument in another case, it would have been futile to pursue it in this case. But jurisdiction must be analyzed anew in each case; there usually is no carrying-over of jurisdictional arguments, one way or another, from case to case. Plaintiff also argues that the Court was incapable of hearing his arguments, which appears to be an allegation of bias. (First Am. Mot. at 23.) But he also did not file a motion to disqualify the judge.

In short, Plaintiff could have taken any number of steps to have his jurisdictional argument *in this case* heard before now. He did not, and any delay in resolving the jurisdictional question is a delay that Plaintiff has imposed on himself.

Nevertheless, subject matter jurisdiction cannot be waived, even by a complete failure to prosecute, and it may be challenged at any time prior to final judgment. Therefore, the Court will address Plaintiff's Motion to Alter or Amend Judgment solely as to the jurisdictional question.

**A. Controlling Law**

Plaintiff challenges the Court's order under Rule 59(e). Such a challenge is proper, because the dismissal of an action is final

and appealable, even when it is without prejudice. DeTie v. Orange Cnty., 152 F.3d 1109, 1111 (9th Cir. 1998). But the Court notes that Plaintiff is a pro se litigant and that Plaintiff's motion could also be construed as a motion for remand under 28 U.S.C. § 1447(c). (See First Am. Mot. at 25 (requesting remand to state court).) "Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004). The standards applied are different: under Rule 59 the motion may only be granted for clear error, while § 1447(c) resolves doubts about subject matter jurisdiction in favor of removal. Because the Court has an independent duty to clarify and police the limits of its own subject matter jurisdiction, the § 1447(c) inquiry, rather than the clear error analysis, is appropriate.

**B. Subject Matter Jurisdiction**

Plaintiff asserts that the Court erred in finding Defendants' removal of the case to federal court proper under 28 U.S.C. § 1442a. (First Am. Mot.) Removal under § 1442a requires that the defendant be a "member of the armed forces of the United States," and the claim against the defendant be made "on account of an act done under color of his office or status," or with respect to his "authority under a law of the United States respecting the armed forces thereof." 28 U.S.C. § 1442a.

**i. Member of the Armed Forces of the United States.**

Major General David Baldwin is Adjutant General for the California National Guard and serves as the Director of the California Military Department. (Pet. at 3; Decl. Williamson Ex. 1.) Thus, Major General Baldwin is a state officer. He is also an

officer of the National Guard of the United States, and federally recognized and appointed as a Reserve for service as a Member of the Army National Guard of the United States. 10 U.S.C. §§ 12211, 12215. (Decl. Williamson Ex. 1.)

Plaintiff argues that reservists of the Army National Guard are only members of the armed forces of the United States when federally activated. The Court disagrees. The United States Supreme Court, in Perpich v. Dep't of Def., explained that federally activated guardsmen temporarily lose their State National Guard status when federally activated. 496 U.S. 334, 345-46 (1990). However, "nothing in the [Perpich] decision's holding severs the continuous link between the Army National Guard of the United States and federally recognized units of the Army National Guard when not on active federal service. [10 U.S.C.] § 10105." In re Sealed Case, 551 F.3d 1047, 1052 (D.C. Cir. 2009). A guardsman thus loses his state status while on federal duty, but retains both state and federal capacity when on state duty.

Thus, Major General Baldwin was a member of the armed forces of the United States at the time he was sued.

**ii. Color of Office/Authority of Federal Law.**

Plaintiff's petition sought a "Writ of Mandate ordering the Respondents to vacate the Notice of Non-Selection for Retention dated June 18, 2013 regarding the Petitioner's separation from the California Army National Guard." (Pet. at 10.)

The June 18, 2013 notice speaks in terms of both federal and state action. On the one hand, it states that Plaintiff was selected for non-retention by the Adjutant General under NGR 635-102. (Pet., Ex. 1.) NGR 635-102 establishes policies and

procedures under which a guardsman may be selected for non-retention in the federal National Guard. NGR 635-102 (authorized by 10 U.S.C. §§ 12213, 14704(d); promulgated by the Secretary of the Army). The Adjutant General performs duties prescribed by both federal and California Law, including the administration of SRBs. See 32 U.S.C. § 314; Cal. Mil. & Vet. Code § 163. The Adjutant General, charged with administering the SRBs, acted under his *federal* authority when he approved the selection of Plaintiff for non-retention. NGR 635-102.5.

On the other hand, the notice also says that Plaintiff is "not selected for retention in the California Army National Guard" and that he will be discharged from the CAARNG. (Pet., Ex. 1.) State law governs the separation of guardsmen from the California National Guard. U.S. Const. Art. I § 8, cl. 16 ("the Appointment of the Officers" of the militia is reserved to the States); Cal. Mil. & Vet. Code §§ 227-239 (detailing procedures for separation of officers for various reasons); Holmes v. California Army Nat. Guard, 920 F. Supp. 1510, 1522-24 (N.D. Cal. 1996) ("Although the loss of federal recognition precludes the officer's membership in the National Guard of the United States, the officer may still be a member of the National Guard of the state.") rev'd as to other matters 124 F.3d 1126 (9th Cir. 1997).

Because Plaintiff sought an order vacating the notice, and the notice described actions taken by Major General Baldwin under both federal and state authority, Defendants' statement of jurisdiction under § 1442a was at least superficially plausible. As there had not been a motion to remand and the motion to dismiss did not

address jurisdiction, the issue of subject matter jurisdiction did not arise, and the Court did not consider it directly.

However, Plaintiff now vigorously denies that he sued Major General Baldwin for his actions under the authority of federal law. Reviewing the original petition for jurisdictional prerequisites for the first time, the Court now concludes that Plaintiff is correct. Although the notice he received from the Adjutant General's office states that he was to be separated based on the SRB's decision not to select him for retention in the federal National Guard, Plaintiff's petition specifically states that it "does not request this Court to subject the SRB to direct review." (Pet. at 3.) Plaintiff also distinguished between the act of withdrawing federal recognition of a National Guard officer, which occurs under the authority of federal law, and the act of separating a soldier from the California National Guard, which is a separate act that takes place under the authority of state law. (Id. at 4.) Plaintiff also stated in his petition that he intended to file a separate action in federal court as to the withdrawal of federal recognition. (Id. at 3-4.) All this suggests an intent to sue solely as to the state law question of whether separation from CAARNG was procedurally proper, and *not* to sue as to Major General Baldwin's acts under the authority of federal law.

Because Plaintiff appears to have been attempting to sue Major General Baldwin solely for his actions under the authority of state law, jurisdiction under § 1442a was not proper. Even if the jurisdictional issue is for some reason arguable – and the Court recognizes that the federal/state division of authority over the National Guard may create gray areas – jurisdiction is, at a

minimum, doubtful. Doubts as to subject matter jurisdiction must be resolved against the exercise of jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**IV. CONCLUSION**

The Court finds that removal under § 1442a was improper. The case is REMANDED to the state court for further proceedings. Because there was no subject matter jurisdiction, the Court's order of Jan. 6, 2015 is VACATED as void, and the Plaintiff is not estopped from challenging his separation from the CAARNG, whether in federal court or in state court, under whatever legal authorities are still available to him at this date.

IT IS SO ORDERED.

Dated: April 21, 2015

DEAN D. PREGERSON
United States District Judge